**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| PHILIP JACKSON, an Individual, | § § § | |
| Plaintiff, | § § | Case No. 2:08-CV-00154 TJW |
| v. | § § | |
| INTEL CORPORATION, a Delaware Corporation, | § § § | |
| Defendant. | § § | |

**DEFENDANT INTEL'S MOTION UNDER RULE 12(b)(6)
TO DISMISS THE COMPLAINT BECAUSE OF PLAINTIFF'S FAILURE TO GIVE
INTEL NOTICE OF INFRINGEMENT OR COMPLY WITH THE MARKING
REQUIREMENT OF 35 U.S.C. § 287**

## I.      STATEMENT OF ISSUES TO BE DECIDED.

1.      Has Plaintiff Philip Jackson ("Jackson") pled entitlement to damages against Defendant Intel Corp. ("Intel") in compliance with the patent marking statute, 35 U.S.C. § 287?

2.      Can Jackson plead entitlement to damages if he failed to require marking in compliance with 35 U.S.C. § 287 and did not give Intel notice of infringement until after the patent-in-suit expired?

3.      Should Jackson's Complaint be dismissed with prejudice for failure to state a claim because any damage claim is barred and the patent-in-suit is expired?

## II.     INTRODUCTION.

Intel moves to dismiss Philip Jackson's complaint, with prejudice, under Rule 12(b)(6) for failure to state a claim for relief.  This lawsuit involves a single patent that expired nearly five years ago.  For obvious reasons, Jackson cannot obtain - and has not requested - any injunctive relief.  But Jackson is barred from obtaining monetary damages as well under 35 U.S.C. § 287(a).  Section 287(a) provides that a patentee who fails to mark his products with his patent, or fails to require his licensees to mark their products, cannot recover damages prior to actual notice of infringement to the defendant. Jackson, however, (1) has not required his licensees to mark their products with the patent and (2)  did not give Intel notice of the alleged infringement until after the patent expired.  Because there was no notice of alleged infringement to Intel prior to the expiration of the patent, Jackson's complaint provides no basis for any recovery in this action.

Jackson has the burden of pleading compliance with Section 287, but his complaint is totally silent on this issue.  The complaint fails to plead compliance with the marking requirements of Section 287 and does not allege any notice of infringement of any nature to Intel.  That failure is sufficient in itself to sustain Intel's motion.  Intel respectfully submits that the dismissal should be with prejudice, however, because it is

beyond legitimate dispute that Jackson cannot plead any set of facts that would establish a basis of recovery.

**III.    STATEMENT OF PLEADED AND ADMITTED FACTS.**

**A.    Jackson's Complaint Ignores Section 287.**

Philip Jackson, an individual, filed this action on April 9, 2008, alleging infringement of a single patent, U.S. Patent No. 4,596,900 ("'900 patent").  Jackson is the sole named inventor on the patent.  The '900 patent, which issued on June 24, 1986, expired on June 24, 2003, at the end of its 17-year term.  *See* 35 U.S.C. § 154(c). Jackson's complaint seeks only damages for Intel's alleged infringement of the '900 patent.  But the complaint ignores the limitation on damages imposed by 35 U.S.C. § 287, the "marking" section of the Patent Act.  The complaint does not plead that Jackson marked any products with the '900 patent, or required any of his licensees to mark, or that any of his licensees do so.  As discussed below, it is undisputed that Jackson has licensed the '900 patent to many companies without requiring them to mark.  Nor does Jackson's complaint allege that he gave Intel notice of infringement prior to the expiration of the '900 patent.  It is axiomatic that damages cannot be recovered for activities occurring after expiration of a patent.  In short, the complaint does not allege any basis for Jackson to recover damages or any other remedy from Intel.

**B.    There Is No Dispute That Jackson Failed to Require His Licensees to Mark.**

Jackson has granted multiple licenses under the '900 patent without requiring marking.  In his prior litigation over the '900 patent, Jackson authenticated and put into evidence many of his license agreements, including those with Brother Industries, Ltd. ("Brother"), Sanyo Electric Co., Ltd. ("Sanyo"), Cobra Electronics Corp. ("Cobra"), Samsung Electronics Co. Ltd. ("Samsung"), Unical Enterprises, Inc. ("Unical") and Swatch Ltd. ("Swatch").  Ex. 1.  As discussed in the Request for Judicial Notice filed concurrently herewith, the Court may take judicial notice of these license agreements and

consider them on this motion to dismiss.[1]  *See* Fed. R. Evid. 201(b); *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017-18 (5th Cir. 1996) (permitting courts to consider on a motion to dismiss matters of which they may take judicial notice); *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976) (taking judicial notice of prior litigation records and finding that "for a proper understanding of protracted litigation we may draw upon the records in all the preceding cases.").

Intel has had an opportunity to review many of the Jackson license agreements that were entered into evidence in Jackson's prior litigation.  None of them reveals any obligation on the part of the licensee to mark its products with the '900 patent.  The license agreements with Cobra and Samsung are representative of Jackson's failure to require his licensees to mark.  Jackson granted Cobra and Samsung each the right to "make," "sell," "offer to sell," or "import" products under the '900 patent.  Ex. 2, ¶ (1); Ex. 3, ¶ 5. The licensees were in the business of making and selling these products, and contemplated doing so when they entered into the license agreements.  Ex 2, Recitals; Ex. 3, Recitals and ¶ 8.  In the Cobra agreement, effective July 9, 1999, Cobra obtained a license and release that covered both past and future sales of its telephone answering machine products.  Ex. 2, ¶ (1).  The Cobra agreement lacks any requirement that Cobra mark its products with the '900 patent.  *Id.*  In the Samsung agreement, effective October 29, 2001, Samsung obtained a license and release that covered certain voice messaging systems manufactured and sold by Samsung.  Ex. 3, ¶¶ 4-5, 8.  The Samsung license agreement does not require Samsung to mark its voice messaging systems with

---

[1]  Furthermore, on a motion to dismiss courts may consider documents such as Jackson's own license agreements, since Jackson had notice of them and they are integral to his complaint, even if Jackson failed to reference them in his complaint.  *See Cortec Indus. Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47-48 (2d Cir. 1991) (finding that plaintiff should not be entitled to take advantage of its own failure to reference an SEC filing in its complaint, by excluding the filing from being considered on defendant's motion to dismiss).  If the Court considers matters outside the pleadings, it generally must treat a Rule 12(b)(6) motion as one for summary judgment.  *See* Fed. R. Civ. P. 12(d); *Murray v. Gelderman*, 556 F.2d 1307, 1308 (5th Cir. 1978).

the '900 patent. *Id.* The other Jackson licenses that Intel is aware of likewise lack any requirement that the licensee mark its products. Exs. 2, 3, 10-13.

### C. It Is Indisputable That Jackson Did Not Give Intel Notice of Infringement Prior to the Expiration of the Patent in 2003.

It was not until May 5, 2005, nearly two years after the '900 patent expired, that Jackson first contacted Intel with his allegation that Intel products infringed the '900 patent. Ex. 4, Letter from James P. Muraff to D. Bruce Sewell (May 5, 2005). That letter was sent by attorney James P. Muraff on behalf of Jackson. In his letter, Mr. Muraff asserted that Intel was infringing the '900 patent. In a second letter sent August 9, 2005, Mr. Muraff conceded that his May 5, 2005 letter was the first time Jackson contacted Intel regarding the '900 patent. Ex. 5, at ¶ 2, Letter from James P. Muraff to Bradley A. Greenwald (August 9, 2005) ("While it may be true that Mr. Jackson did not contact Intel until May of 2005 . . ."). Muraff's letter listed many of the companies to whom Jackson had licensed the '900 patent. It made no assertion, however, that Jackson required any of his licensees to mark their products.

In an effort to resolve this case without burdening the Court's resources or incurring unnecessary legal expenses, counsel for Intel contacted counsel for Jackson before filing this motion to request that Jackson dismiss his complaint. Ex. 6, Letter from Chris R. Ottenweller to Edward Goldstein and Andrew Kochanowski (May 7, 2008). Intel's letter observed that Jackson had entered into many license agreements that did not require marking and that Jackson did not contact Intel until 2005, after expiration of the patent. Intel attached the correspondence between attorney Muraff and Intel. In a response letter, counsel for Jackson did not deny that Jackson had failed to require his licensees to mark, but claimed that an October 7, 1997 letter from one of Jackson's prior counsel to Dialogic Corp. ("Dialogic") constituted a notice of infringement that was binding on Intel. Ex. 7, Letter from Andrew Kochanowski to Chris R. Ottenweller (May 29, 2008), at 1-2. Although unstated in his letter, Jackson's theory seems to be that

because Intel acquired Dialogic in 1999, this 1997 letter constituted notice of infringement to Intel in compliance with Section 287.  The letter to Dialogic, however, contains no allegation of infringement by Dialogic.  Ex. 8, Letter from Raiford Blackstone, Jr. to Nicholas Zwick (October 7, 1997).  In fact, Jackson admitted in the letter that "we have not yet analyzed any Dialogic products to determine whether or not they infringe."  *Id.* at 2 (bullet point (7)).

During a meet and confer conference on June 11, 2008, Mr. Ottenweller advised Mr. Kochanowski that the 1997 letter to Dialogic did not constitute adequate notice of infringement under controlling authority and offered to provide the case law, which he did in a subsequent email.  Ex. 9, E-Mail from Chris R. Ottenweller to Andrew Kochanowski (June 11, 2008).  During the meet and confer counsel for Jackson did not deny that Jackson had failed to require his licensees to mark.  *Id.*  Despite the opportunity to identify any additional evidence that Mr. Jackson contends is sufficient to constitute notice of infringement under Section 287, he did not do so.

## IV. ARGUMENT

### A. Jackson's Failure to Plead Compliance With Section 287 Warrants Dismissal.

Section 287(a) of the Patent Act, codified at 35 U.S.C. § 287(a), limits the damages that a patent owner may recover in an infringement action.  Specifically, it provides that a patent owner who fails to mark its products, ***or fails to require its licensees to mark their products***, cannot recover damages prior to the point in time that it has provided an alleged infringer with notice of the alleged infringement.  Section 287(a) states:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent,

or when, from the character of the article, this cannot be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. ***In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement***, ***except on proof that the infringer was notified of the infringement*** and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. . . .

35 U.S.C. § 287(a) (emphasis added).

Jackson has the burden of pleading and proving that he has complied with Section 287's marking and notice requirements. *See Tech Licensing v. Thomson*, No. Civ. S-03-1329 WBS PAN, 2005 WL 1562225, at *1 (E.D. Cal. June 30, 2005) ("The patentee in an infringement case has the burden of 'pleading and proving at trial that [patentee] complied with the statutory requirements [of § 287(a)]'.") (*quoting Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996)); *Cybiotronics Ltd. v. Golden Source Elecs., Ltd.,* 130 F.Supp.2d 1152, 1159 (C.D. Cal. 2001); *On Command Video Corp. v. Lodgenet Entertainment Corp.,* No. C 95-546 SBA, 1995 U.S. Dist LEXIS 20192, at *7 (N.D. Cal. Nov. 28, 1995); *see also Dunlap v. Schofield*, 152 U.S. 244, 248, 14 S.Ct. 576, 577 (1894) (finding that the duty of alleging and the burden of proving either actual or constructive notice is upon the patentee, under Revised Statute 4900, the then-current marking statute); *Amsted Indus. v. Buckeye Steel Castings*, 24 F.3d 178, 187 (Fed. Cir. 1994) (stating that *Dunlap* is "highly persuasive, if not controlling, on the meaning of the notice requirement of section 287", and finding that the notice requirement of Revised Statute 4900 was essentially identical to the present Section 287(a)); *Motorola Inc. v. United States*, 729 F.2d 765, 769-70 (Fed. Cir. 1984) (finding that Revised Statute 4900 was the predecessor of section 287, and that it required that "[t]he patent owner-plaintiff must plead before trial and then show at trial that he had complied with the requirements of the statute.").

Jackson's complaint does not allege compliance with Section 287(a) or its requirements. It does not allege that Jackson has required his licensees to mark their products or that he gave Intel notice of the alleged infringement prior to expiration of the '900 patent. Indeed, the complaint totally ignores the limitations on damages imposed by Section 287.

In *Lans v. Digital Equipment Corp.*, 252 F.3d 1320 (Fed. Cir. 2001), the Federal Circuit affirmed dismissal of a case involving an expired patent that was strikingly similar in its facts to Jackson's complaint. In *Lans*, the patentee Uniboard asserted an expired patent against numerous computer company defendants. *Id.* at 1326. Uniboard did not inform the defendants of its infringement allegations, by filing suit, until after Uniboard's patent had expired. *Id.* (noting that Uniboard's suit was filed nearly 10 months after its patent expired). Prior to bringing suit, Uniboard licensed its patent to various licensees, including IBM. *Id.* at 1324-5 (Uniboard licensed the patent to IBM in 1989, and sued in 1999). None of these licensees marked their products. *Id.* at 1328. The Federal Circuit affirmed the dismissal of Uniboard's complaint for failure to state a claim, and stated:

> Because Uniboard's licensees did not mark their products and because Uniboard did not inform the Computer Companies of infringement before expiration of the '986 patent, § 287(a) prevents Uniboard from collecting damages from the Computer Companies. Moreover, the district court cannot enjoin the Computer Companies from infringing an expired patent. Thus, the district court correctly ruled that Uniboard has not stated a claim on which relief may be granted.

*Id.* at 1328.

Accordingly, Intel's motion should be granted on the ground that Jackson has failed to plead any facts that would entitle him to any relief against Intel.

**B.     Jackson's Complaint Should Be Dismissed With Prejudice.**

Jackson's failure to plead compliance with Section 287(a) is sufficient in itself to sustain Intel's motion, but Intel respectfully submits that the dismissal should be with prejudice.  Jackson's own admissions and the uncontested facts make it clear that Jackson cannot plead any set of facts that would entitle him to relief against Intel.

First, it is undisputed that Jackson did not require at least six of his licensees to mark.  That failure triggers the limitation on damages imposed by Section 287(a).  *See, e.g., Devices for Medicine, Inc. v. Boehl*, 822 F.2d 1062, 1066 (Fed. Cir. 1987) (damages limited under § 287(a) where "[plaintiff's] licenses did not require its licensees to mark the introducer product and there was no evidence that any product ever bore a patent marking."); *Loral Fairchild Corp. v. Victor Co. of Japan, Ltd.* 906 F.Supp. 813, 817-818 (E.D.N.Y. 1995) (Rader, J., sitting by designation) (finding that plaintiff's failure to contend that it required its licensees to mark, and the absence of any marking requirement in plaintiff's license agreement with its licensee or evidence that the licensee did mark, barred plaintiff from recovering pre-suit damages); *Inline Connection Corp. v. AOL Time Warner*, 465 F. Supp. 2d 312, 323 (D. Del. 2007) (limiting damages based on §287(a) where "[plaintiff] Inline made no attempt to mark, in that it never required its licensee, CAIS, to mark tangible articles of the system.").

Even a single licensee who does not mark is sufficient to trigger the damage limitations of Section 287(a).  *See American Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993) (finding that compliance with Section 287 required that the patentee marked "substantially all of [the patentee's] patented products, and it was no longer distributing unmarked products.").  In this case, there are multiple licenses that do not require marking and there is no evidence that Jackson required any of his licensees to mark.

Second, Jackson cannot show that he gave Intel notice of alleged infringement prior to the expiration of the '900 patent in 2003.  The Muraff letters to Intel in May and

August 2005 obviously do not satisfy the notice requirement because they were sent almost two years after the '900 patent expired.

Jackson now points to the 1997 letter to Dialogic and contends it is binding on Intel. The Court need not even consider the issue of whether the 1997 letter to Dialogic can be asserted against Intel as a successor in interest because the letter cannot under any reading constitute a notice of infringement in compliance with Section 287. The 1997 letter on its face merely informs Dialogic of the '900 patent and invites an expression of interest in licensing it. In the letter Jackson's counsel candidly admits that Jackson has not analyzed any Dialogic products to determine whether or not they infringe. Ex. 8, at 2. Accordingly, the letter contains no assertion of an infringement claim against specific Dialogic products.

The law is settled that a general communication regarding licensing, of the nature Jackson sent to Dialogic in 1997, does not constitute notice of infringement in compliance with Section 287. *See Amsted,* 24 F.3d at 186-187. As the Federal Circuit held in *Amsted*, to comply with Section 287 the patent owner must provide "the affirmative communication of a specific charge of infringement by a specific accused product or device." The letter at issue in *Amsted* stated in part:

> Accordingly, you should acquaint yourself with the ['269 patent] and refrain from supplying or offering to supply component parts which would infringe or contribute to the infringement of the patent[]. You should not offer to supply items which are copies of or designed to replace our LOW PROFILE center plate.

*Id.* at 186. The Federal Circuit held that because the letter did not specifically accuse the defendant of infringement by a specific accused product, it did not constitute notice under Section 287. *Id.* at 187; *see also Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.,* 498 F.Supp.2d 718, 728-729 (D. Del. 2007) (finding that a letter which identified a patent and stated that licenses were available, but failed to identify specific products accused of infringement, was not sufficient to comply with Section 287); *Soverain*

*Software v. Amazon.Com, Inc*., 383 F.Supp.2d 904, 908, 910-11 (E.D. Tex. 2005) (holding that a meeting regarding a licensing agreement is not sufficient to comply with Section 287, where there was no evidence that infringement accusations were made or that infringing products were identified); *Uniboard Aktiebolag v. Acer America Corp*., 118 F.Supp.2d 19, 26 (D.D.C. 2000), *aff'd sub nom Lans v. Digital Equip. Corp*., 252 F.3d 1320 (Fed. Cir. 2001) (finding that a letter containing a general statement that the defendant infringed, without identifying any specific accused products, "lacked the required level of specificity contemplated by section 287(a) and *Amsted*").

The admission in the 1997 letter to Dialogic that Jackson had not "analyzed any Dialogic products to determine whether or not they infringe" is fatal to Jackson's argument that the letter could constitute notice of infringement to Dialogic, much less to Intel. Ex. 8, at 2. Because the undisputed facts show that Jackson did not require his licensees to mark and did not give Intel notice of alleged infringement of the '900 patent prior to expiration of the patent, he has no basis to obtain any relief in this case. As the Federal Circuit held in *Lans v. Digital Equipment*, the proper course in such a situation is to dismiss the complaint at the pleading stage. 252 F.3d at 1328 ("Because Uniboard's licensees did not mark their products and because Uniboard did not inform the [defendants] of infringement before expiration of the [patent in suit], § 287(a) prevents Uniboard from collecting damages from the [defendants].")

**V.**     **CONCLUSION.**

For the foregoing reasons, Intel respectfully requests that the Court dismiss

Jackson's claim of infringement, with prejudice, for failure to state a claim upon which

relief may be granted.

Dated:  June 20, 2008.                     Respectfully submitted,

                                           By:     */s/ Robert M. Parker*
                                                   ROBERT M. PARKER

                                                   Robert M. Parker
                                                   Parker Bunt & Ainsworth, P.C.
                                                   100 E. Ferguson, Suite 1114
                                                   Tyler,  TX  75702
                                                   Tel.  (903) 531-3535
                                                   Fax:  (903) 533-9687
                                                   Email:  rmparker@pbatyler.com

                                                   Harry Lee Gillam, Jr.
                                                   Melissa R. Smith
                                                   Gillam & Smith LLP
                                                   303 South Washington Avenue
                                                   Marshall,  TX 75670
                                                   Tel. (903) 934-8450
                                                   Fax  (903) 934-9257
                                                   Email:  gil@gillamsmithlaw.com
                                                   Email:  melissa@gillamsmithlaw.com

                                                   Attorneys for Defendant
                                                   Intel Corporation

OF COUNSEL:

Chris R. Ottenweller
Craig R. Kaufman
Chester W. Day
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401
Email:  cottenweller@orrick.com
Email:  ckaufman@orrick.com
Email:  cday@orrick.com

Lisa C. Ward
Donald Daybell
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza, Suite 1600
Irvine, CA  92614-2558
Tel:  (949) 567-6700
Fax:  (949) 567-6710
email:  lward@orrick.com
Email:  ddaybell@orrick.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2008, I electronically filed the foregoing **DEFENDANT INTEL'S MOTION UNDER RULE 12(b)(6) TO DISMISS THE COMPLAINT BECAUSE OF PLAINTIFF'S FAILURE TO GIVE INTEL NOTICE OF INFRINGEMENT OR COMPLY WITH THE MARKING REQUIREMENT OF 35 U.S.C. § 287** with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Robert M. Parker*
ROBERT M. PARKER

## CERTIFICATE OF CONFERENCE

Even though Local Rule CV-7(h) does not mandate a meet and confer for a motion to dismiss, Intel has nevertheless initiated and participated in a meet and confer with plaintiff's counsel to avoid the need to file this motion. The personal conference(s) specified by this rule have been conducted.

Prior to the personal teleconferences between lead trial counsel, summarized below, counsel for Intel sent a letter on May 7, 2008, advising Jackson that his complaint failed to properly plead compliance with Section 287, and requesting that Jackson either identify any additional evidence that Mr. Jackson contends is sufficient to provide notice of infringement to Intel, or dismiss his complaint. In a response letter, counsel for Jackson did not deny that Jackson had failed to require his licensees to mark, but claimed that Jackson had given notice to Dialogic in an October 7, 1997 letter, and that this notice was binding on Intel. The letter to Dialogic, however, contains no allegation of infringement by Dialogic.

13

On June 11, 2008, the undersigned spoke with Andrew Kochanowski, counsel for Plaintiff Philip Jackson via teleconference, regarding Intel's Motion Under Rule 12(b)(6) to Dismiss the Complaint Because of Plaintiff's Failure To Give Intel Notice of Infringement Or Comply With The Marking Requirement Of 35 U.S.C. § 287. The undersigned advised Mr. Kochanowski that the 1997 letter to Dialogic did not constitute adequate notice of infringement under controlling law and later sent to Mr. Kochanowski copies of cases construing the notice of infringement requirement of Section 287. The parties agreed to extend the deadline for filing this motion by one week, to June 20, 2008, to continue the meet and confer process. Mr. Kochanowski stated that he would review the case law provided by Intel on what constitutes notice of infringement under Section 287, and let Intel know if Jackson agreed to dismiss his complaint with prejudice.

When the undersigned had not heard back from Mr. Kochanowski, I attempted to contact him again on June 19, 2008 to determine if Mr. Jackson had changed his position. I left a voicemail message when Mr. Kochanowski was not available, and confirmed it in an email. By the time Intel was required to file this motion, Mr. Jackson had not responded that he would voluntarily dismiss his case.

*/s/ Chris R. Ottenweller w/ permission*
*by Robert M. Parker*
Chris R. Ottenweller